SYSTEM FEDERATION NO. 91, Railway Employees Department, AFL–CIO, et al., Appellants,

v.

O. V. WRIGHT et al., Appellees.

No. 13768.

United States Court of Appeals
Sixth Circuit.

Dec. 5, 1959.

Richard R. Lyman, Toledo, Ohio (Robert E. Hogan, Louisville, Ky., Richard R. Lyman of Mulholland, Robie & Hickey, Toledo, Ohio, Shoene & Kramer, Washington, D. C., on the brief), for appellants.

John P. Sandidge, Louisville, Ky. (John P. Sandidge of Woodward, Hobson & Fulton, Louisville, Ky., H. G. Breetz, Louisville, Ky., L. & N. RR. Co., on the brief), for L. & N. RR. Co.

Marshall P. Eldred of Brown & Eldred, Louisville, Ky., for O. V. Wright, et al.

Before McALLISTER, Chief Judge, and MARTIN and CECIL, Circuit Judges.

PER CURIAM.

This is an appeal from an order denying a motion to modify an injunction. The controversy has its roots in bitter disagreements between groups of union and nonunion railroad employees, which originated in disputes arising many years ago; and it also stems from a strike, accompanied by much violence, in 1955, in which a railroad bridge was burned, and certain employees were sentenced to

prison terms, for violation of, and conspiracy to violate, the Federal Train Wreck Act, 18 U.S.C.A. § 1992. See Stanley v. United States, 6 Cir., 245 F.2d 427. During the strike, many union and nonunion employees continued to work, the union employees being expelled as a result, and the nonunion employees being threatened with reprisals.

Long prior to the strike, twenty-eight nonunion employees in July, 1945, for themselves and as representatives of all nonunion employees of the Louisville and Nashville System, including approximately twenty-five hundred such employees, brought an action against the railroad and certain shop craft unions seeking a declaration of rights, and an injunction. On December 7, 1945, the District Court, by consent and agreement of all parties to the action, entered an injunction restraining the lodges and locals of defendant unions from discriminating against the other employees, because of their failure or refusal to join the unions and further enjoining the unions from requiring that the plaintiffs and classes, represented by them, join or retain their membership in the unions as a condition of receiving promotion, leaves of absence, proper protection of seniority rights, overtime work, and any other rights or benefits which might arise out of, or be in accordance with, the regularly adopted bargaining agreements in effect between the railroad and the defendant unions. The unions were also enjoined from denying such employees promotions, pay increases, leaves of absence, seniority protection and the like, because of their failure to join or retain membership in the union. It was further provided in the decree that the District Court would retain control of the action for the purpose of entering such further orders as might be deemed necessary and proper.

Nearly twelve years after the consent decree in which the injunction was entered, the defendant unions and their successors, on July 2, 1957, filed their motion to modify the injunction, by an amendment that it have no prospective application to prohibit the unions from negotiating and enforcing any agreement authorized by an amendment to the Railway Labor Act, 45 U.S.C.A. § 151 et seq., enacted subsequent to the entry of the injunction, which permitted the making of union security agreements, and authorized carriers and the bargaining representatives of railroad labor to provide for a union shop, with the requirement that the employees, as a condition to their continued employment, become and remain members of the union.

Answers were filed by the railroad, and on behalf of the nonunion employees, objecting to the granting of the motion to modify the injunction; and testimony was taken in court, disclosing abuse and mistreatment by union members of employees who had worked during the strike, and threats of reprisals in the future when a union shop should come into existence. The District Judge in his opinion, filed after argument of the motion to modify the injunction, observed that it had been shown, without an attempt at refutation, that bitterness and hostility, at that time, continued to exist between the union and nonunion employees, and between the unions and their employees who had worked during the 1955 strike.

The District Court held that there was continuing authority in the court to modify the prospective application of the judgment of injunction.

The court further held that, at the time of the issuance of the injunction, the Railway Labor Act made a union shop illegal, so that it was then unnecessary for the railroad and the unions to agree that nonunion members should not then be required to have membership in unions as a condition precedent to employment. When the injunction was issued, the parties therein, by their consent thereto, provided that no such requirement of union membership should thereafter be in effect in any bargaining agreement under the Act. The Amendment of 1951, subsequent to the issuance of the injunction, did no more, the court held, than make negotiations for a union shop permissive, and did not nullify the

**58**

agreement or the injunction issued. It authorized a union shop by agreement, but did not require it, or require that, as a condition of employment, an employee should join or retain his membership in, the bargaining union, or any union. Since, as the court said, the amendment did not require a union shop, the court, under the circumstances of the case, left the parties as they agreed to be, and to remain.

We find no error in the order of the District Court overruling appellants' motion to modify the injunction; and the order is affirmed for the reasons set forth in the opinion of Chief Judge Shelbourne. Wright v. System Federation No. 91, Railway Employees' Department, AFL-CIO, 165 F.Supp. 443.